STATE of Missouri, Respondent,

v.

Johnny KEHNER, a/k/a John W. Halbrook, Appellant.

Johnny KEHNER, a/k/a John W. Halbrook, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 62857, 64650.

Missouri Court of Appeals, Eastern District, Northern Division.

Sept. 13, 1994.

Application to Transfer Denied Nov. 22, 1994.

S. Paige Canfield, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Traci J. Sanders, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Presiding Judge.

Johnny Kehner, appellant, appeals from his sentence for murder in the second degree, § 565.021 R.S.Mo.1986 (all further references shall be to R.S.Mo.1986 unless otherwise indicated) and armed criminal action, § 571.015; and the denial of his motion to vacate judgment and sentence pursuant to Rule 29.15.

On appeal, appellant contends that (1) the trial court abused its discretion when it overruled appellant's objection and motion for new trial and submitted Instruction No. 10, patterned after MAI–CR3d 310.50, in violation of appellant's rights in that it may not be submitted over the defendant's objection unless evidence of impairment can be inferred; (2) the motion court erred in dismissing appellant's Rule 29.15 motion because the motion was file-stamped one day late through no fault of appellant; (3) Rule 29.15's strict time limitations violate appellant's right to due process because the Rule unconstitutionally restricts appellant's access to the courts; and (4) the trial court erred in submitting Instruction No. 4, patterned after MAI–CR3d 302.04, which incorrectly defines "proof beyond a reasonable doubt."

On October 1, 1986, appellant was charged by information with one count of first degree murder, § 565.020.1, and one count of armed criminal action, § 571.015, for the death of Leslie "Bud" Timmons (victim) on June 24, 1986. Appellant's first trial resulted in a hung jury and his second resulted in convictions for second degree murder and armed criminal action. However, the convictions were reversed on appeal due to discovery rule violations. *See State v. Kehner*, 776 S.W.2d 396, 397 (Mo.App.1989). On July 21, 1992, an amended information was filed which charged appellant with second degree murder.

Viewed in the light most favorable to the verdict, the following evidence was adduced at trial. On June 24, 1986, victim repeatedly went to the trailer where his stepdaughter resided with appellant. Appellant's neighbor testified that victim was drunk and making threatening comments towards appellant. The dispute seemed to be over monies that appellant allegedly owed victim.

When victim returned home that evening, his wife noticed that he appeared to be in a good mood, but that he had been drinking and appeared to be intoxicated. Victim ate supper and proceeded to lay on the couch and watch television.

Appellant's neighbor testified that he saw appellant walk out of his trailer with a rifle and that he heard victim's stepdaughter tell appellant: "Don't go, Johnny. Don't do it, Johnny." Appellant responded, "I'm going to kill the son-of-a-b____." Appellant's

neighbor further testified that appellant was alone in the truck when he drove away.

Victim's wife saw appellant pull up to their house in his pick-up truck and appellant called out her name. Appellant subsequently called out for victim to come outside. Eventually, without putting on his shoes, victim went outside, carrying a half-burned cigarette held in his right hand. Victim previously had burned his left arm in an accident and had little use of his left hand. Victim walked to the edge of the curb.

Without exiting the truck, appellant fired three shots at victim's chest. When victim fell to the ground, appellant backed up in his truck and left the apartment court. Victim's daughters testified that they heard the shots and subsequently saw appellant driving backwards at a high speed towards them. They saw only appellant in the truck.

None of the witnesses to the shooting saw a gun in victim's hand as he approached the truck, and victim still had his cigarette in his hand after he fell to the ground. The officer who first arrived on the scene checked the area near the victim for weapons and found none. After shooting victim, appellant drove his truck back to his trailer and went inside, carrying the rifle. Victim's stepdaughter took the rifle and tried to give it to a neighbor, who refused to take it. Later, appellant approached a man in an alley and paid him twenty dollars to drive appellant to Pacific, Missouri.

Law enforcement personnel searched appellant's truck that evening and found an expended .22 casing and several live bullets. Officers also found containers with a small amount of liquid which smelled like hard liquor. Inside appellant's trailer, officers found an open box of Winchester Super X .22 caliber ammunition. Forensic analysis revealed that the fragment taken from victim's body and the shell casing found in appellant's truck were fired from appellant's rifle.

Several days later, appellant's neighbor drove appellant to turn himself in. Appellant told his neighbor that he had shot victim and victim was not armed at the time. Victim's stepdaughter again asked appellant's neighbor to hold the gun. Appellant's neighbor accepted the rifle and subsequently turned it over to law enforcement personnel.

Through witnesses and his own testimony, appellant presented a theory of self-defense, claiming that victim had a history of violence towards appellant, especially when victim had been drinking. Appellant claimed that on the night in question, victim approached appellant's truck with a pistol in his right hand, and that he had to shoot victim in order to protect himself and his family.

The jury returned verdicts of guilty of murder in the second degree and of armed criminal action. On October 6, 1992, appellant was sentenced to life imprisonment on each of the convictions, with the sentences to run consecutively. A notice of appeal was filed on October 15, 1992.

On March 20, 1993, appellant filed his *pro se* Rule 29.15 motion for post-conviction relief. On August 6, 1993, appellant's motions were dismissed because they were untimely, pursuant to Rule 29.15. A notice of appeal was filed on September 14, 1993. This consolidated appeal follows.

Appellant's first point on appeal alleges that the trial court erred in overruling appellant's objection and motion for new trial and permitted submission of Instruction No. 10, patterned after MAI–CR3d 310.50 (repealed 1993), because this instruction may not be submitted over the defendant's objection, even if evidence of consumption of intoxicants is presented, if impairment cannot be inferred from the evidence. Appellant further alleges in his first point that the trial court failed to comply with MAI–CR3d 310.50 and the Notes On Use in violation of Missouri Supreme Court Rule 28.02.

At trial, the State requested the instruction and appellant objected as follows:

THE COURT: Instruction Number 10, MAI–CR3d 310.50, submitted by the State.

[DEFENSE COUNSEL]: As to Instruction Number 10, the Defendant objects and takes exceptions to the offering of said Instruction and giving said Instruction by the Court for the reasons that there was no evidence in this case of Defendant's intoxication.

Respondent argues that (1) the submission of Instruction No. 10 was harmless and did not prejudice appellant because the evidence of appellant's guilt was overwhelming, particularly in light of appellant's admission that he shot the victim; and (2) appellant accepted responsibility for shooting the victim and relied on a theory of self-defense; therefore, any instruction on voluntary intoxication could not have misled the jury prejudicially into believing appellant had done something wrong, because appellant himself admitted doing something wrong.

Instruction No. 10, patterned after MAI–CR3d 310.50, provided:

> You are instructed that an intoxicated condition from alcohol will not relieve a person of responsibility for his conduct.

■ Initially, we note that *State v. Erwin*, 848 S.W.2d 476 (Mo. banc), *cert. denied*, 510 U.S. ——, 114 S.Ct. 88, 126 L.Ed.2d 56 (1993) does not apply here. *Erwin* held that an instruction patterned after MAI–CR3d 310.50 should not be given because it "implicitly relieves the State of the burden of proving beyond a reasonable doubt that [defendant] possessed the requisite mental state for the crime charged." *State v. James*, 869 S.W.2d 276, 277 (Mo.App.E.D.1994) (citing *Erwin, supra*). However, our Supreme Court limited its holding to "cases tried in the future and cases now subject to direct appeal where the issue is preserved that MAI–CR3d 310.50 violated due process because it relieved the State of its burden of proof as to the requisite mental state." *Erwin*, 848 S.W.2d at 484[15]. Appellant's case was tried prior to the *Erwin* decision, and although appellant objected to the submission of Instruction No. 10, it was not made upon the requisite constitutional grounds, but on the grounds that there was no evidence of intoxication. Therefore, *Erwin* is not applicable here. *See James*, 869 S.W.2d at 277.

■ In his Motion for New Trial, appellant again failed to make a constitutional objection. Instead, he contended that there was not sufficient evidence of appellant's alleged intoxication, thereby causing prejudicial error in the offer of this instruction.

The Notes On Use following MAI–CR3d 310.50 state:

> If there is no evidence of involuntary intoxication and it may fairly be inferred from the evidence that the defendant was intoxicated or drugged to such an extent that his judgment and actions were substantially affected thereby, or that his capacity to know or appreciate the nature, quality, or wrongfulness of his conduct was significantly impaired by reason of intoxication, this instruction may be given by the Court on its own motion and must be given upon written request in proper form by the state or by the defendant. Even though there is evidence of consumption of alcohol or drugs, if there is no evidence from which such impairment could be inferred, this instruction may not be given over the objection of the defendant.

The State requested the instruction and appellant properly objected, based on the absence of evidence that appellant was intoxicated. Because appellant did not make a due process objection to the intoxication instruction at trial or in his Motion for New Trial, he has failed to preserve any constitutional challenge for appeal. *See State v. Dillon*, 869 S.W.2d 67, 69[1] (Mo.App.W.D.1993). However, appellant did preserve his objection for appeal to the extent that it attacks the absence of direct evidence of appellant's intoxication to the point of impairment. Therefore, the question is whether there was evidence from which this could be inferred.

Rule 28.02 requires both a finding of "error" in submitting the instruction and prejudice to the defendant before an appellate court may reverse the trial court's decision based on an error in jury instructions. *James*, 869 S.W.2d at 278[1].

The only evidence in the record from which impairment might be inferred was (1) that appellant, in direct examination, testified that he had bought an eight-pack of seven-ounce beers and consumed two of these on the way to visit his parents earlier in the day; (2) that appellant, in cross-examination, testified that he might have consumed four or five beers that day; and (3) the testimony of Deputy Will McGuire that he smelled and

observed liquor in a container in appellant's pick-up truck.

Recently, we examined the issue of what will constitute sufficient evidence of intoxication in order to infer impairment. *See James, supra.* In *James,* the evidence offered to infer impairment was (1) testimony that defendant and victim were arguing prior to the shooting and victim complained of defendant's drinking; (2) testimony that defendant smelled of alcohol; (3) testimony that defendant had been drinking on the night of the shooting; and (4) testimony that the defendant had defecated on himself. 869 S.W.2d at 278[2]. We held that evidence of drinking and defecation alone is insufficient to infer impairment. *Id.*

Here, we have evidence only of appellant's drinking and possession of an amount of liquor. This evidence is less adequate than the evidence we deemed insufficient in *James.* Therefore, it is insufficient to infer impairment. Moreover, respondent admits in its brief that "there is absolutely no evidence in this case that appellant was intoxicated." The giving of an instruction in violation of the Notes On Use constitutes error. *Id.*

■ The second prong of Rule 28.02 requires that appellant be prejudiced by the submission of the improper instruction. Prejudice, as used in connection with erroneous jury instructions, is defined as the potential for misleading or confusing the jury. *Id.* at 278[3]. As appellant contends, the likelihood that the jury was confused or misled is high. Appellant did not attempt to defend the charges against him by arguing that he was intoxicated. Rather, appellant attempted to defend the charges against him by claiming self-defense. Because appellant did not raise the issue of intoxication or impairment, submitting Instruction No. 10 was likely to have confused the jury or misled them to believe appellant admitted to some wrongdoing and was attempting to escape liability based on intoxication. *See id.* at 483[10]. This instruction may have lightened impermissibly the State's burden of proving beyond a reasonable doubt that appellant committed the crimes charged. *See id.* at 484[15].

Respondent contends that submission of Instruction No. 10 did not prejudice appellant "by misleading the jury into believing appellant had done something wrong because appellant admitted doing something wrong." Respondent does not point out, nor can we discern, anywhere in the record where appellant "admitted doing something wrong." Respondent incorrectly asserts that appellant's admission of shooting victim equated to an admission of wrongdoing. Appellant consistently relied upon a theory of self-defense and never admitted any wrongful conduct with regard to the shooting.

Appellant presented a theory of self-defense and therefore a substantial issue existed regarding his state of mind at the time of his actions. We cannot say that the giving of this instruction was harmless.

Because appellant's second and third points are directed to his post-conviction proceedings and may not occur on retrial, we will not address these points.

In his fourth point, appellant contends that the trial court erred in submitting Instruction No. 4, patterned after MAI–CR3d 302.04. He argues the instruction incorrectly defines "proof beyond a reasonable doubt" as proof which leaves the jury "firmly convinced" of appellant's guilt. The Missouri Supreme Court has held that the term "firmly convinced" is "intended to assist lay jurors in their understanding of the legal phrase 'beyond a reasonable doubt.'" *State v. Antwine,* 743 S.W.2d 51, 62–63[12] (Mo. banc 1987), *cert. denied,* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). Our Supreme Court has not changed this holding. *See, e.g., State v. Griffin,* 848 S.W.2d 464, 469 (Mo. banc 1993). We are bound to follow the last controlling decision of our Supreme Court. *State v. Tankins,* 865 S.W.2d 848, 854[17] (Mo.App.E.D.1993). Appellant's fourth point is denied.

Judgment reversed and remanded.

GRIMM, C.J., and CRIST, J., concur.